KOPPERS GAS AND COKE COMPANY, complainant,

*v.*

W. & J. MORRIS COAL COMPANY, defendant.

[Submitted February 12th, 1937. Decided April 30th, 1937.]

*Mr. William Cohen,* for the appellant North Hudson Coal Company.

*Mr. Henry Marelli,* for the petitioner Italian-American Building and Loan Association of Passaic County.

The opinion of the court was delivered by

LLOYD, J.

The appeal is from an order in chancery directing the North Hudson Coal Company, appellant, to return a certain weighing scale to the premises in Hawthorne from which it had been removed, or to pay to the respondent, Italian-American Building and Loan Association of Passaic county, its reasonable value. The grounds urged for reversal are that the court was without jurisdiction and that the proceedings were summary and irregular.

The facts were that the W. & J. Morris Coal Company became insolvent and a receiver was appointed. Among the assets of the coal company were some articles of personal character together with the real estate upon which the scale was located.

On the realty was a mortgage held by the building and loan association, respondent. The receiver of the coal company presented a petition to the court for leave to accept a bid for the personal property on the premises, among which was

enumerated the scale in question. The petition was approved, a sale ordered to be made to the purchaser, one Estis. This was followed by a bill of sale transferring to Estis all the right, title and interest of the receiver in the "personal assets" of the coal company except accounts receivable, and on the date of its execution Estis assigned all his right, title and interest to the appellant, North Hudson Coal Company, for $1 and other good and valuable considerations. Appellant immediately removed the scale from the premises.

In this situation the building and loan association, mortgagee, and respondent herein, presented a petition to the court in which it asked that the Hudson Coal Company be required to return the scale to the mortgaged premises, alleging that the same was part of the realty. On this a rule to show cause was issued and served on the Hudson Coal Company. To this rule that company responded, claiming that the scale was personalty and not a fixture attached to the lands. The court decided against this contention and made the order complained of.

The mortgagee had hitherto not been a party to the receivership proceedings, and perhaps regularly could not intervene in those proceedings without the permission of the court, and perhaps equally the purchaser of the scale could not be brought in by petition, but both of these points become unimportant in view of the fact that the court did entertain the petition and the Hudson Coal Company appeared and responded thereto. It would seem that the court had in consequence jurisdiction of the parties.

We think it also had jurisdiction of the subject-matter. The order was in the nature of a correction of a mistake in its own proceeding and in the happenings in consequence thereof. The receiver had scheduled the scale as personal property and all parties to the proceedings for the sale mistakenly assumed that it was, and that it passed under the court order and the bill of sale, even though neither carried more than the right, title and interest of the receiver in the personal property. If under the guise of this order and the sale the purchaser, and under him his assignee, undertook to

take a fixture attached to the realty, it was without legal justification. It was, therefore, within the power of the court to direct the return of the scale to the place from which it had been taken. Further than this, however, we think the court could not go.

It is suggested in respondent's brief that the North Hudson Coal Company was an innocent purchaser. The contrary is the fact. The sale transferred only the personal property and for this it gave nothing, so far as appears, but the sum of $1. The transfer was immediate upon the execution of the bill of sale and it is apparent that the appellant took no right of property in the scale.

The petitioner, however, as mortgagee was entitled to nothing more than that the *status quo anterior* to the sale be restored, and so much only of the order as directed the return of the scale is affirmed, but, in view of the mutual mistake, without costs to either party.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.